# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AVA HEDLUND, a minor, by and through her parent and natural guardian, SARAH SCOTT and SARAH SCOTT, in her own right,<br>                Plaintiffs,<br><br>                v.<br><br>CALLAWAY GARDENS RESORT, INC and IDA CASON CALLAWAY FOUNDATION,<br>                Defendants. | CIVIL ACTION<br>No. 18-2980 |

**McHUGH, J.**                                                                                                   **DECEMBER 11, 2018**

## MEMORANDUM

This is a personal injury action brought on behalf of a child from Pennsylvania who suffered an injury at a water resort located in Georgia. Defendants did not initially move to dismiss but instead filed an answer asserting as one of their affirmative defenses a lack of personal jurisdiction. That answer was filed late—39 days after service instead of the 21 days allowed by Federal Rule of Civil Procedure 12(a). Approximately one month later, after no activity other than a case management conference, Defendants moved to dismiss. In response, Plaintiffs contend that Defendants waived the defense of personal jurisdiction by failing either to answer or move for dismissal within 21 days after service.

It is clear that a Defendant must first raise a defense of lack of jurisdiction either by motion or by answer. Fed. R. Civ. P. 12(b); Fed. R. Civ. P. 12(h). It is also clear that a defendant can waive the defense if it participates in the litigation without asserting a jurisdictional defense. *See Wyrough & Loser, Inc. v. Pelmor Laboratories, Inc.*, 376 F.2d 543,

546-47 (3d Cir. 1967) (finding waiver where defendant participated in hearings on motion for preliminary injunction without filing an answer or motion prior to or during the hearings). The Third Circuit has not addressed how strictly Rule 12(h) applies to violations of the time requirements in Rule 12(a), but several members of this Court have done so directly, and there is a broad consensus against finding waiver.

The trend among courts in this District in recent decades has moved steadily away from a strict interpretation of Rule 12(h). Initially, in 1966, one judge of this court found that the defendant waived the 12(b)(3) defense of improper venue by waiting 55 days after service of the complaint to file a motion to dismiss. *Granger v. Kemm, Inc.*, 250 F. Supp. 644, 645 (E.D. Pa. 1966). Since then, however, courts have consistently permitted untimely motions so long as the plaintiff has not moved for default judgment and the defendant raises the objection in its first response. *See, e.g.*, *Pineda v. Chromiak*, 2018 WL 3609010, at *4 (E.D. Pa. July 27, 2018) (permitting an untimely motion to dismiss for lack of personal jurisdiction following removal); *Breland v. ATC Vancom, Inc.*, 212 F.R.D. 475, 476-77 (E.D. Pa. 2002) (permitting an objection to improper venue filed 11 days late); *Kampf v. Heinecke*, 1995 WL 262526, at *1 (E.D. Pa. Apr. 28, 1995) (finding defendants' objections based on lack of personal jurisdiction and improper venue timely despite filing 62 days after service of the complaint); *Foss v. Klapka*, 95 F.R.D. 521, 522 (E.D. Pa. 1982) (concluding that untimely assertion of a defense of lack of personal jurisdiction does not constitute waiver so long as defendant raises it in first response). Plaintiffs here have not moved for default judgment, and Defendants asserted the defense of lack of personal jurisdiction in their first response, prior to any other participation in the case. I see no reason to depart from my colleagues and therefore find that the defense of lack of personal jurisdiction has not been waived.

Turning to the merits, there is nothing in the record to warrant the assertion of personal jurisdiction against Defendants. The Third Circuit has held that, when personal jurisdiction is challenged, the plaintiff has the burden of bringing forth facts that would establish such jurisdiction. *D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102 (3d Cir. 2009) (citation omitted). Plaintiffs have made no effort to establish a basis for personal jurisdiction, and I see no basis, even considering all the facts alleged in the Complaint and their Response to Defendants' Motion.

Finding no personal jurisdiction, I must consider whether it is in the interest of justice to transfer the matter to a court in which the action could have been brought. 28 U.S.C. § 1631; *see Bomberger v. Am. Airlines, Inc.*, 2018 WL 3416386, at *4 (E.D. Pa. July 12, 2018). Transfer is certainly warranted here, where Plaintiffs assert that, absent transfer, their claim will be barred by the statute of limitations. *See Foss*, 95 F.R.D. at 524. Defendants represent that they are Georgia corporations with a business address in Pine Mountain, Georgia. Plaintiffs' allegations further arise out of the business Defendants conduct in Georgia. Pine Mountain, Georgia, is in the Middle District of Georgia, and Defendants are subject to personal jurisdiction there. Therefore, this matter "could have been brought" in the Middle District of Georgia at the time of filing and is properly transferred there. 28 U.S.C. § 1631.

I therefore deny Defendants' Motion and transfer this matter to the United States District Court for the Middle District of Georgia.

    /s/ Gerald Austin McHugh
United States District Judge